**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0062n.06

No. 10-6159

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jan 17, 2012***

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
                                         )
        Plaintiff-Appellee, )          ON APPEAL FROM THE
                                         )          UNITED STATES DISTRICT
v.                                   )          COURT FOR THE  EASTERN
                                         )          DISTRICT OF TENNESSEE
ANTHONY GEORGE, )
                                         )
        Defendant-Appellant. )
                                         )

BEFORE:  McKEAGUE and WHITE, Circuit Judges; and BARRETT, District Judge.[*]

PER CURIAM.  Anthony George entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he challenges the denial of his motion to suppress.  For the reasons set forth below, we affirm.

On the night of May 7, 2009, Chattanooga police officer William Salyers was on patrol in the East Lake area of Chattanooga, Tennessee, which he described as a "high crime area."  Salyers observed two men, later identified as George and Demetrius Pointer, standing next to a car that was stopped in the middle of the street.  The car drove away as Salyers approached, and George and Pointer began walking in his direction.  Salyers stopped his patrol car, exited, and ordered George and Pointer to "put their hands on the car."  Pointer complied, George did not.

_____

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

Instead, George walked from the front of the car to the passenger's side. Salyers again ordered George to put his hands on the car. George did not comply, but returned to the front of the car where Pointer was standing. After issuing the order for a third time, Salyers drew his weapon, and George dropped something onto the pavement that sounded like "hard metal." George then ran toward the passenger side of the car, at which point Salyers began chasing him. George continued to run around the car until Salyers grabbed him, pulled him down to the ground, and held him at gunpoint until other officers arrived. After George was handcuffed, officers found a .22 caliber handgun on the ground.

Following his indictment on the felon-in-possession charge, George filed a motion to suppress. Upon the recommendation of a magistrate judge, the district court denied the motion, concluding that George was not seized until after he dropped the gun and that, as a result, the gun was abandoned and not subject to Fourth Amendment protection. George entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion. The district court sentenced him to thirty-seven months in prison, to be followed by three years of supervised release. George then filed this timely appeal.

In an appeal of the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010). The dispute in this case centers on when George was "seized" for purposes of the Fourth Amendment. The parties agree that if George dropped the gun before he was seized, the gun was abandoned and lawfully recovered by the police. *See California v. Hodari D.*, 499 U.S. 621, 623-24 (1991); *United States v. Martin*, 399 F.3d 750, 752-53 (6th Cir. 2005).

A person is seized "when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980). When a seizure is effected by a show of authority rather than physical force, "an individual must actually yield to the show of authority to be seized within the meaning of the Fourth Amendment." *United States v. Johnson*, 620 F.3d 685, 690 (6th Cir. 2010); *see Hodari D.*, 499 U.S. at 626-27. Thus, while Salyers undisputedly exercised a show of authority such that a reasonable person would not have felt free to leave, George was "seized" only if he actually submitted to that authority. *See Smith*, 594 F.3d at 536. "Without actual submission, 'there is at most an attempted seizure.'" *United States v. Jones*, 562 F.3d 768, 774 (6th Cir. 2009) (quoting *Brendlin v. California*, 551 U.S. 249, 254 (2007)).

George argues that he submitted to Salyers's show of authority when he changed direction and walked from the passenger side of the car to the front of the car. But the case on which George relies, *Johnson*, is distinguishable. In that case, police officers yelled at the defendant, who was walking toward a car with a waiting driver, to "stop" and "stay right where he was." *Johnson*, 620 F.3d at 691. The defendant stood still after reaching the car and placing his bag inside, but he did not comply with the officers' subsequent commands to raise his hands until they drew their weapons. *Id.* at 689. The court concluded that Johnson was seized when he stopped moving because that was the point at which he yielded to the officers' authority, regardless of his subsequent failure to raise his hands. *Id.* at 691.

Unlike in *Johnson*, there was no initial compliance in this case. Salyers repeatedly instructed George to do one thing – place his hands on the car – and George refused. *Cf. United States v. Martin*, 613 F.3d 1295, 1301 (10th Cir. 2010) (concluding that defendant was not seized because he

did not comply with order to place his hands on the wall). Rather than acknowledging Salyers's order or demonstrating any willingness to comply with it, George continued to move around the car and began running after Salyers pulled his weapon. These actions cannot be construed as a submission to authority. *See Smith*, 594 F.3d at 538-39; *Jones*, 562 F.3d at 775. Accordingly, the district court properly concluded that George was not seized until Salyers subdued him with physical force, and because George discarded the handgun before he was seized, it was not the fruit of a seizure. *See Hodari D.*, 499 U.S. at 629; *Martin*, 399 F.3d at 753.

For these reasons, we affirm the denial of George's motion to suppress.`